**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 23-4015

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRODERICK DEMON SULLIVAN,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00084-WO-3)

───────────────

Submitted:  October 31, 2023               Decided:  November 2, 2023

───────────────

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Broderick Demon Sullivan pled guilty, pursuant to a written plea agreement, to two counts of distributing a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). As part of the plea agreement, Sullivan agreed to waive his right to appeal his conviction and sentence, preserving only challenges to a sentence exceeding the statutory maximum or based on an unconstitutional factor or if the Government appealed the sentence. The district court sentenced Sullivan to concurrent terms of 144 months' imprisonment, a downward variance from the advisory Sentencing Guidelines range. Sullivan timely appealed.

Counsel for Sullivan has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Sullivan has filed a pro se supplemental brief challenging his sentence in light of the disparity in how the Guidelines treat methamphetamine based on purity level. The Government has moved to dismiss the appeal as to any claims within the scope of the appellate waiver included in Sullivan's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Rule 11 of the Federal Rules of Criminal Procedure, and the record shows

2

that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that Sullivan knowingly and voluntarily waived his right to appeal. We conclude that the waiver is valid and enforceable and that the issue Sullivan raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Sullivan's appeal waiver. We therefore grant the Government's motion and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Sullivan, in writing, of the right to petition the Supreme Court of the United States for further review. If Sullivan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sullivan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*